UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - TACOMA

DARRELYN COX,

    Plaintiff,

vs.

FRANCISCAN HEALTH SYSTEM, a Washington corporation, d/b/a/ ST. JOSEPH MEDICAL CENTER,

    Defendants.

CASE NO.

ANSWER

COMES NOW Defendant Franciscan Health System d/b/a St. Joseph Medical Center ("Defendant," "FHS," or the "Hospital") by and through its attorneys of record, and for its Answer to Plaintiff's Complaint, states as follows:

## I. PARTIES

1.1  Defendant admits that Plaintiff previously worked as a Patient Placement Registered Nurse, a job which involved intake of transfer requests and locating the most appropriate bed within FHS's multiple hospitals. Defendant further admits that the conduct complained of in this lawsuit is not related to any religious purpose, practice, or activity of FHS. Plaintiff is without sufficient information to admit or deny the allegations regarding Plaintiff's current county of residency and, therefore, denies those allegations. Defendant denies any remaining allegations contained in Paragraph 1.1 of Plaintiff's Complaint.

ANSWER - Page 1

1.2 Defendant admits that Defendant is a Washington not-for-profit corporation, which transacts business in Pierce County, Washington. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 1.2 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

2.1 Defendant admits that Plaintiff's Complaint purports to allege claims pursuant to which jurisdiction and venue would be proper in this Court. Defendant specifically denies, however, that any cause of action exists. Defendant denies any remaining allegations contained in Paragraph 2.1 of Plaintiff's Complaint.

## III. FACTS

3.1 Defendant admits the allegations contained in Paragraph 3.1 of Plaintiff's Complaint.

3.2 Defendant admits that Plaintiff previously worked at FHS between approximately August 31, 2007 and December 2, 2009. Defendant further admits that Plaintiff returned to work at FHS on or about January 2, 2013, when she was hired as a Care Manager. Defendant denies any remaining allegations contained in Paragraph 3.2 of Plaintiff's Complaint.

3.3 Defendant is without sufficient information to admit or deny the allegations regarding when Plaintiff suffered an off-the-job injury and regarding the specific nature of that injury. Defendant admits that Plaintiff had been scheduled to be absent from work on a pre-approved vacation which was scheduled through September 30, 2013. Defendant denies any remaining allegations contained in Paragraph 3.3 of Plaintiff's Complaint.

3.4 Defendant is without sufficient information to admit or deny the allegations regarding whether Plaintiff was evaluated by her medical provider and, therefore, denies those allegations. Defendant admits that Plaintiff initially provided a doctor's note dated September 30, 2013, which indicated that Plaintiff could return to work with a reduced schedule of six

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

1 hours per day with an option to work a full 12 hour shift if symptoms allowed. Defendant denies any remaining allegations contained in Paragraph 3.4 of Plaintiff's Complaint.

3.5 Defendant admits that Plaintiff's supervisor informed Plaintiff that her reduced work schedule would be accommodated for a period of time, and inquired how long the accommodation would be needed. Defendant denies the remaining allegations contained in Paragraph 3.5 of Plaintiff's Complaint.

3.6 Defendant admits that Plaintiff returned to work on October 1, 2013, working each day the number of hours which Plaintiff felt comfortable working. Defendant denies the remaining allegations contained in Paragraph 3.6 of Plaintiff's Complaint.

3.7 Defendant admits the allegations contained in Paragraph 3.7 of Plaintiff's Complaint.

3.8 Defendant denies the allegations contained in Paragraph 3.8 of Plaintiff's Complaint.

3.9 Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's return to her medical provider and, therefore, denies those allegations. Defendant admits, however, that on October 11, 2013, Plaintiff provided another note from her doctor indicating that she should remain off work until November 11, 2013, dependent upon continued improvement. Defendant denies any remaining allegations contained in Paragraph 3.9 of Plaintiff's Complaint.

3.10 Defendant admits the allegations contained in Paragraph 3.10 of Plaintiff's Complaint.

3.11 Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's return to her medical provider and any conversations which the two may have had and, therefore, denies those allegations. Defendant admits the remaining allegations contained in ¶3.11 of Plaintiff's Complaint.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

3.12     Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's return to her medical provider and, therefore, denies those allegations. Defendant admits, however, that on or about November 5, 2013, FHS received a doctor's note indicating that Plaintiff would be able to return to full regular duty on January 13, 2014, dependent upon continued improvement. Defendant denies any remaining allegations contained in Paragraph 3.12 of Plaintiff's Complaint.

3.13     Defendant admits that on or about December 5, 2013, Plaintiff's supervisor sent a letter to Plaintiff indicating that it had been determined that Plaintiff was not FMLA eligible and that Plaintiff should notify the supervisor no later than December 16, 2013, whether she could return to work with or without accommodation in the immediate future. The letter also indicated that Plaintiff would remain in an inactive status through April 11, 2014, so that she could seek other employment options if she were unable to return to her former position with or without accommodation. Defendant denies any remaining allegations contained in paragraph 3.13 of Plaintiff's Complaint.

3.14     Defendant denies the allegations contained in Paragraph 3.14 of Plaintiff's Complaint, and affirmatively states that the Hospital Human Resources Director, Jill Karon-Ross, invited Plaintiff to meet in order to identify appropriate positions within one of FHS's various locations, but Plaintiff never responded to Ms. Karon-Ross.

3.15     Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's return to her medical provider and, therefore, denies those allegations. Defendant admits that on or about December 20, 2013, Plaintiff presented a doctor's note indicating that she could return to work on December 30, 2013, with restrictions, including no prolonged keyboarding, repetitive lifting, pushing or pulling, and a lifting restriction of less than 10 pounds. The restrictions also indicated that Plaintiff could walk and move without restriction and should work 4 hours per day slowly increasing the number of hours worked as

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

tolerated. Defendant denies any remaining allegations contained in Paragraph 3.15 of Plaintiff's Complaint.

3.16 Defendant admits that Plaintiff's supervisor contacted Plaintiff to discuss Plaintiff's return to work. Defendant denies the remaining allegations contained in Paragraph 3.16 of Plaintiff's Complaint.

3.17 Defendant denies the allegations contained in Paragraph 3.17 of Plaintiff's Complaint.

3.18 Defendant admits that in February 2014 Plaintiff contacted FHS's human resources office contending that her situation had been mishandled. Defendant denies any remaining allegations contained in Paragraph 3.18 of Plaintiff's Complaint.

3.19 Defendant admits the allegations contained in Paragraph 3.19 of Plaintiff's Complaint.

3.20 Defendant admits that on or about November 26, 2014, the EEOC issued a right to sue notice to Plaintiff. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 3.20 of Plaintiff's Complaint and, therefore, denies those allegations.

3.21 Defendant admits that Plaintiff was FMLA eligible at the time she requested leave and that an inadvertent error by Defendant's third party administrator of the FMLA program improperly informed her otherwise.

3.22 Defendant denies the allegations contained in Paragraph 3.22 of Plaintiff's Complaint.

**IV. FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

4.1 Defendant admits the allegations contained in Paragraph 4.1 of Plaintiff's Complaint.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

4.2     Defendant admits the allegations contained in Paragraph 4.2 of Plaintiff's Complaint.

4.3     Defendant admits that Plaintiff was entitled to medical leave at the time leave was requested and affirmatively states that Plaintiff did receive such leave. Defendant denies that Plaintiff was "disabled" and denies any remaining allegations contained in Paragraph 4.3 of Plaintiff's Complaint.

4.4     Defendant denies the allegations contained in Paragraph 4.4 of Plaintiff's Complaint.

4.5     Defendant denies the allegations contained in Paragraph 4.5 of Plaintiff's Complaint.

## V. SECOND CAUSE OF ACTION
## VIOLATION OF THE WASHINGTON FAMILY LEAVE ACT

5.1     Defendant admits the allegations contained in Paragraph 5.1 of Plaintiff's Complaint.

5.2     Defendant admits the allegations contained in Paragraph 5.2 of Plaintiff's Complaint.

5.3     Defendant admits that Plaintiff was entitled to leave at the time leave was requested and affirmatively states that Plaintiff did receive such leave. Defendant denies that Plaintiff was "disabled" and denies any remaining allegations contained in Paragraph 5.3 of Plaintiff's Complaint.

5.4     Defendant denies the allegations contained in Paragraph 5.4 of Plaintiff's Complaint.

5.5     Defendant denies the allegations contained in Paragraph 5.5 of Plaintiff's Complaint.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

## VI. THIRD CAUSE OF ACTION
## VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION

6.1 Defendant denies the allegations contained in Paragraph 6.1 of Plaintiff's Complaint.

6.2 Defendant denies the allegations contained in Paragraph 6.2 of Plaintiff's Complaint.

## VII. FOURTH CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7.1 Defendant denies the allegations contained in Paragraph 7.1 of Plaintiff's Complaint.

7.2 Defendant denies the allegations contained in Paragraph 7.2 of Plaintiff's Complaint.

## VIII. AFFIRMATIVE DEFENSES

By way of further answer and affirmative defense, Defendant states and alleges as follows:

8.1. Each and every count contained in Plaintiff's Complaint fails to state a claim upon which relief may be granted.

8.2. Plaintiff's claims are barred because any and all actions taken by Defendant relating to Plaintiff's employment were taken for lawful, nondiscriminatory and/or other legitimate business reasons, unrelated to any alleged disability, any leave taken, any protected activity, or any other prohibited consideration.

8.3. If Plaintiff sustained damage, which is specifically denied, such injuries were caused by others and not caused by Defendant.

8.4. Plaintiff has failed to mitigate her damages, if any.

8.5. Plaintiff's claims are barred by the doctrines of waiver, laches, res judicata, and/or estoppel.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

8.6. Defendant's actions were required by business necessity and were based on factors other than Plaintiff's alleged disability.

8.7. Any alleged disability possessed by the Plaintiff cannot be reasonably accommodated by Defendant.

8.8. Any accommodation needed by the Plaintiff would constitute an undue hardship.

8.9. Plaintiff's claims are barred because Defendant's remedial measures were adequate to respond to any actually or constructively known harassment or discrimination.

8.10. To the extent Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that any alleged disability was a motivating factor in any employment decision at issue (which Defendant absolutely denies), Defendant is entitled to judgment, in whole or in part, because the same employment decisions would have been made irrespective of whether Plaintiff's alleged disability was considered.

8.11. Plaintiff's claims for punitive damages are barred by the *Kolstad* affirmative defense because Defendant made good faith efforts to prevent discrimination and to comply with all applicable laws.

8.12. Defendant reserves the right to further respond and to assert any additional affirmative defenses as they become evident through discovery or investigation, including the defense of after-acquired evidence.

## IX. PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiff's Complaint, Defendant requests entry of judgment dismissing the same with prejudice and directing that Plaintiff take nothing, awarding its costs, together with such other and further relief as may be appropriate.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986

DATED this 27th day of January, 2015.

BENNETT BIGELOW & LEEDOM, P.S.


By   /s/Michael F. Madden
    Michael Madden, WSBA #8747
    mmadden@bbllaw.com
    Rhianna M. Fronapfel, WSBA #_____
    RFronapfel@bbllaw.com

Attorneys for Defendant

601 Union Street, Suite 1500
Seattle, WA 98101-1363
Telephone: (206) 622-5511

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 27th day of January, 2015, the foregoing document was electronically filed through the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of Court will send email notification of such filing to the following persons:

| | | |
|---|---|---|
| Dwayne L. Christopher, WSBA #28892<br>Dwayne L. Christopher, PLLC<br>4008 S. Pine Street<br>Tacoma, WA 98409 | ☐<br>☑<br>☐<br>☐ | Hand Delivered<br>CM/ECF<br>U.S. Mail<br>Email |
| James W. Beck, WSBA #34208<br>Daniel L. Richards, WSBA #47944<br>Gordon Thomas Honeywell LLP<br>1201 Pacific Avenue, Suite 2100<br>Tacoma, WA 98402 | ☐<br>☑<br>☐<br>☐ | Hand Delivered<br>CM/ECF<br>U.S. Mail<br>Email |

*Attorneys for Plaintiffs*

Dated this 27th day of January, 2015, at Seattle, Washington.

By /s/Michael F. Madden
Michael Madden, WSBA #8747

{*1852.00063/M1182811.DOCX; 1}

ANSWER - Page 10

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511  F: (206) 622-8986